DECISION AND JUDGMENT ENTRY
This matter is before the court on the petition for a writ of habeas corpus filed by petitioner, Jerome F. Mathis. On March 3, 2000, this court ordered respondents, James A. Telb,[1] Kyle Martin and the Ohio Adult Parole Authority ("APA"), to file a written response to the petition. On March 22, 2000, a written response was filed, along with copies of documents relating to petitioner's original conviction, sentence and subsequent detentions imposed by the APA for several post-release control violations.
The documents submitted by petitioner and respondents establish the following. Petitioner was originally convicted of possession of cocaine, a fifth degree felony. On December 30, 1996, petitioner was sentenced to serve eleven months of imprisonment. Upon his release from prison on November 26, 1997, the APA committed petitioner to the custody of the Volunteers of America ("VOA"), until December 5, 1998. Six months after his release from the VOA, petitioner tested positive for cocaine use. The APA found petitioner guilty of violating his post-release control and ordered him detained for an additional eighty-four days. He was released from detention on September 18, 1999. On January 19, 2000, petitioner again tested positive for cocaine use and was ordered detained in the Lucas County Corrections Center, pending a hearing.
On February 16, 2000, petitioner, acting pro se, filed the petition herein. On February 17, 2000, an APA hearing took place, at which petitioner was found guilty of cocaine use; however, petitioner was released from the custody of the APA on the condition that he attend daily meetings and submit to two urine screens per week for the ninety days following his release.
In their response, respondents collectively assert that the petition herein should be dismissed. In support thereof, respondents first argue that the petition has become moot, since petitioner was released from detention by the APA on February 17, 2000. Alternatively, respondents argue that the APA properly exercised its statutory power, pursuant to R.C. 2967.28, to detain petitioner either by committing him to the custody of the VOA or the Lucas County Jail, upon finding that petitioner violated the provisions of his post-release control.
The facts as stated above establish that petitioner has been detained in excess of one and one-half times the length of his original eleven month sentence. The record further establishes that such detentions were imposed after the APA found petitioner guilty of cocaine use, a violation of his post-release control.
In Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported, certiorari granted,87 Ohio St.3d 1492,[2]
this court found that R.C. 2967.28 is unconstitutional because it violates both the doctrine of separation of powers and the right to due process. Id. Accordingly, on its face, petitioner's claim that he has been illegally detained by the APA appears to have merit. However, petitioner's release from the Lucas County Jail on February 17, 2000, has rendered his petition for habeas relief moot and therefore not well-taken.
The petition is dismissed at petitioner's costs. It is so ordered.
 _____________________ Melvin L. Resnick, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.
[1] On March 31, 2000, this court granted respondent Telb's request to file a written response instanter. In his response, respondent Telb incorporated by reference the response filed by the Ohio Attorney General on behalf of respondents Kyle Martin and the Ohio Adult Parole Authority.
[2] Woods v. Telb, supra, is currently pending before the Ohio Supreme Court.